UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CABO HOLDINGS, LLC, a Wisconsin corporation, | Case No. 07-CV-3524 (PJS/RLE) |
| Plaintiff, | |
| v. | ORDER |
| FRED ENGELHART, a Minnesota citizen d/b/a Engelhart Performance; SO CAL COLLECTIBLES, INC., a California corporation, | |
| Defendants. | |

Matthew T. Boos and S. Jamal Faleel, FREDRIKSON & BYRON, PA, for plaintiff.

Julie H. Firestone and Molly M. Borg, BRIGGS & MORGAN, PA, for defendant So Cal Collectibles, Inc.

Fred Engelhart, defendant pro se.

This matter is before the Court on the motion of defendant So Cal Collectibles, Inc. ("So Cal") for summary judgment [Docket No. 41]. The Court heard argument on the motion on Monday, July 14, 2008. For the reasons stated on the record at the hearing, the Court denies the motion. The hearing transcript contains the Court's reasoning.

As the Court noted at the hearing, several issues will need to be resolved before trial if the case proceeds that far. The Court therefore orders the parties, if the case proceeds to trial, to submit further briefing in accordance with this order on two issues: (1) the relation between the contract and tort claims of Cabo Holdings, LLC ("Cabo"); and (2) what effect the default judgment entered against defendant Fred Engelhart has on this case. With respect to this second issue, the Court notes that Engelhart's liability seems to depend on the jury's factual findings

about Cabo's claim against So Cal. If the jury finds that So Cal sold Red Alert for $140,000, then Engelhart may be liable for something in the neighborhood of $85,000 (the difference between the $225,000 guaranteed price and the $140,000 sale price). If the jury finds that So Cal did *not* sell Red Alert, then according to paragraph 2.c. of the purported agreement among Cabo, So Cal, and Engelhart, Engelhart may be liable for a full $225,000. It thus appears that if Cabo prevails, So Cal and Engelhart will not be jointly and severally liable to Cabo. Rather, each party's liability (if any) is in some respects independent of the liability of the other party. These issues with respect to apportioning liability and damages will have to be resolved before trial.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motion for summary judgment of defendant So Cal Collectibles, Inc., [Docket No. 41] is DENIED.

2. If the case has not been resolved by the date that the parties' motions in limine are due under the pretrial scheduling order, then on that date, plaintiff Cabo Holdings, LLC, must submit a brief that addresses the following questions:

    a. How will Cabo be able to recover on its non-contract claims if the jury finds that there was not a valid contract between Cabo and So Cal?

    b. How will Cabo be able to recover on its non-contract claims if the jury finds that there was a valid contract between Cabo and So Cal, but So Cal did not breach the contract?

      c.      If the jury finds that So Cal breached a valid contract between it and Cabo, what additional damages will Cabo be able to recover on its non-contract claims over and above the breach-of-contract damages to which Cabo will be entitled?

      d.      What effect, if any, does the default judgment entered against defendant Fred Engelhart have on Cabo's potential recovery against So Cal?

3.    So Cal's response, if any, to Cabo's brief addressing the preceding questions must be submitted on the same date that So Cal's response to Cabo's motions in limine is due under the pretrial scheduling order.

Dated:  July 14, 2008

s/Patrick J. Schiltz  
Patrick J. Schiltz  
United States District Judge